IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| AMERICAN VEHICULAR SCIENCES, LLC | § | |
|---|---|---|
| | § | |
| | § | **CASE NO. 6:13cv270** |
| vs. | § | **CASE NO. 6:12cv774 (LEAD)** |
| | § | |
| HYUNDAI MOTOR COMPANY, et al., | § | |

| AMERICAN VEHICULAR SCIENCES, LLC | § | |
|---|---|---|
| | § | |
| | § | |
| vs. | § | **CASE NO. 6:13cv226 (LEAD)** |
| | § | |
| AMERICAN HONDA MOTOR CO., INC., et al., | § | |

| AMERICAN VEHICULAR SCIENCES, LLC | § | |
|---|---|---|
| | § | |
| | § | |
| vs. | § | **CASE NO. 6:13cv147 (LEAD)** |
| | § | |
| KIA MOTORS CORPORATION, et al. | § | |

# ORDER

Before the Court is Hyundai Motor Company, Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC's ("Hyundai") Objections (Doc. No. 121) to Order Denying Hyundai's Motion to Transfer (Doc. No. 118)[1] which the Court will construe as a Motion to Reconsider. Additionally before the Court is Defendants Hyundai Motor Company, Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, Kia Motors America, Inc., and Kia Motors Manufacturing Georgia, Inc.'s ("Hyundai and Kia") Motion to Stay Pending Reconsideration of the Court's Decision on Hyundai's Motion to Transfer in View of the Federal Circuit's Ruling (Doc. No. 119) ("Motion to Stay"). Plaintiff American Vehicular Sciences LLC ("AVS" or "Plaintiff") responded (Doc. No. 125). The Motion to Stay referred to a pending

---

[1] Unless otherwise indicated, all citations herein will be to those in Case No. 6:12cv774.

Motion to Transfer Venue jointly filed by Hyundai and Kia. Case No. 6:13cv147, Doc. No. 43; Case No. 6:13cv148, Doc. No. 25; Case No. 6:13cv150, Doc. No. 25; and Case No. 6:13cv270, Doc. No. 36. AVS responded (Case No. 6:13cv147, Doc. No. 64; Case No. 6:13cv270, Doc. No. 56) and Hyundai and Kia jointly replied (Case No. 6:13cv147, Doc. No. 67; Case No. 6:13cv148, Doc. No. 38; Case No. 6:13cv150, Doc. No. 38; and Case No. 6:13cv270, Doc. No. 59). Additionally pending is Honda's[2] Motion to Transfer Venue (Case No. 6:13cv226, Doc. No. 37; Case No. 6:13cv 227, Doc. No. 23; Case No. 6:13cv228, Doc. No. 23). AVS responded (Case No. 6:13cv226, Doc. No. 42). Having considered the parties' arguments and for the reasons set forth herein, Hyundai and Kia Defendants' Motion to Reconsider is **GRANTED** and the Motion to Stay is **DENIED AS MOOT.** Further, both Honda and Hyundai and Kia's motions to transfer venue are **GRANTED;** therefore, all cases are **TRANSFERRED** to the Eastern District of Michigan**.**

## BACKGROUND

On October 15, 2012, AVS simultaneously filed three separate lawsuits[3] alleging infringement of 12 patents against Hyundai. AVS filed an additional lawsuit[4] against Hyundai on March 22, 2013, alleging infringement of three additional patents.[5] In total, AVS has filed 27 cases against Hyundai, Toyota, Kia, Honda, Subaru, BMW,[6] and Mercedes alleging infringement of twenty-four patents.[7] Each suit alleges infringement of various patents, all of

---

[2] The Honda Defendants include American Honda Motor Co., Inc. and Honda of America Manufacturing, Inc.
[3] 6:12cv774, 6:12cv775, 6:12cv776
[4] 6:13cv270
[5] The Court notes Plaintiff's voluntary dismissal of Hyundai Motor Company from the 6:13cv270 action (Doc. No. 14).
[6] The actions against BMW have since been dismissed. *See American Vehicular Sciences LLC v. BMW Group, a/k/a BMW AG,* et al., No. 6:12cv411.
[7] *See American Vehicular Sciences LLC v. Toyota Motor Company,* et al., No. 6:12cv404; *American Vehicular Sciences LLC v. Kia Motors Corporation,* et al., No. 6:12cv147; *American Vehicular Sciences LLC v. American Honda Motor Co., Inc.,* et al., No. 6:13cv226; *American Vehicular Sciences LLC v. Subaru of America, Inc.*, No. 6:13cv229; and *American Vehicular Sciences LLC v. Mercedes-Benz U.S. International, Inc.,* et al., No. 6:13cv307.

which are a part of a common patent portfolio directed to electronic sensors for automotive safety and telematics systems.

On February 20, 2013, Hyundai filed a Motion to Transfer Venue (Doc. No. 29) arguing that the Eastern District of Michigan ("EDMI") is clearly the more convenient forum, that an alleged forum-selection clause in a prior settlement agreement requires all disputes be adjudicated in EDMI, and that the majority of the asserted patents are related to patents that have already been litigated in EDMI.[8]

The Court denied that Motion on March 31, 2014 (Doc. No. 118). Hyundai and Kia then jointly filed their Motion to Stay (Doc. No. 119) in light of the Federal Circuit's Order granting Toyota's petition for a writ of mandamus (*In re Toyota Motor Corp.*, Case No. 6:12cv404 ("Toyota Case"), Doc. No. 235). Hyundai then filed Objections[9] to the Court's Order denying transfer on April 14, 2014. Doc. No. 121. On May 1, 2014, the Court *sua sponte* stayed all captioned cases until the conclusion of the mandamus proceedings in the Toyota case. Doc. No. 128. On June 6, 2014, the Court of Appeals for the Federal Circuit denied AVS' Petition for Rehearing En Banc (Toyota Case, Doc. No. 247). The Court subsequently severed and stayed all claims against Gulf States, and transferred all remaining claims and actions against Toyota to EDMI. Case No. 6:12cv404, Doc. No. 252. The Court now reconsiders its previous denial of the Order denying Hyundai's venue transfer to EDMI in light of the Federal Circuit's Order to transfer Toyota to EDMI along with the remaining pending venue transfer and stay motions (Case Nos. 6:13cv147 and 270, Doc. Nos. 43 & 36; Case No. 6:13cv226, Doc. No. 37; Case Nos. 6:12cv774 and 147, Doc. Nos. 119 & 100).

---

[8] Hyundai and Kia later jointly filed a second motion to transfer three later cases filed by AVS against Kia (Case Nos. 6:13-cv-00147-MHS-JDL, -00148, and -00150) ("147 Case") and one later case filed against Hyundai. (Case No. 6:13-cv-00270-MHS-JDL). (147 Case, Doc. No. 42.) While that motion is still pending, both motions rely on very similar grounds for transfer to EDMI as Hyundai and Kia are affiliates and rely on similar Hyundai-Kia and third-party witnesses in EDMI and a forum selection clause in a prior settlement agreement. Therefore, the analysis conducted below applies to both motions.

[9] As indicated above, the Court will construe the Objections as a Motion to Reconsider.

## ANALYSIS

In *Toyota*, the Federal Circuit directed the Court to transfer the Toyota cases to EDMI because no non-party witnesses had been identified in the Eastern District of Texas and there appeared to be witnesses in EDMI with knowledge "potentially relevant to infringement and validity issues," even if the materiality of their testimony was not fully developed. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). Importantly, a "comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *Id.* From the venue briefing in the instant cases, it appears that all captioned Defendants are similarly situated to the Toyota Defendants as discussed below.

As to Hyundai, the Court previously found the sources of proof factor neutral because (1) Hyundai's identification of witnesses and documents lacked sufficient detail and (2) the sources of proof were spread among Korea, California, Michigan, Texas, Florida, New Jersey, and the New York. Doc. No. 118 at 13. The Court additionally found the availability of compulsory process to secure attendance of witnesses and the cost of attendance for willing witnesses factors neutral for the same reasons. *Id.* The Federal Circuit, however, has found this analysis incorrect in two respects. *In re Toyota*, 747 F.3d at 1340. First, based on *Toyota*, this Court required a level of detail regarding documents and witnesses that is too stringent. *Id.* Second, this Court improperly considered fora other than EDMI or the Eastern District of Texas in considering these three factors. *Id.* In looking at these factors through the prism of the Federal Circuit's opinion, there are more witnesses and documents in EDMI than in the Eastern District of Texas and thus these factors favor transfer. The Court also notes that it found judicial economy and court congestion weighed against transfer. Doc. No. 118 at 17. However, these factors do not merit keeping these cases in the Eastern District of Texas. *See In re Morgan Stanley*, 417 Fed Appx. 947, 949 (Fed. Cir. 2011) ("the proper administration of justice may be to transfer to the far more

4

convenient venue" despite the considerations of judicial efficiency); *see also GeoTag v. Starbucks Corp.*, 2013 WL 890484 (E.D. Tex. Jan. 14, 2013) (citing *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (holding court congestion as the most speculative of venue factors)). Thus, applying the Federal Circuit's rationale in *Toyota*, it appears that no meaningful factors favor retaining Hyundai in the Eastern District of Texas. As referenced above, the analysis for Hyundai also applies to Kia. Therefore, on reconsideration, the Court finds that the Hyundai and Kia actions should be transferred to EDMI.[10]

In its Motion to Transfer Venue, Honda specifically points to several non-party witnesses in Michigan and several others in Ohio which borders EDMI. Case No. 6:13cv226, Doc. No. 36 at 6-7. AVS' argument that Honda's additional sources of proof are dispersed among other states including California, Ohio, Indiana, and Alabama (Case No. 6:13cv226, Doc. No. 42 at 3-5) is essentially moot in light of the Federal Circuit's holding that "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota*, 747 F.3d at 1340. On the other hand, AVS has not pointed to witnesses located in EDTX with the exception of Marvin Key, AVS' CEO located in Plano, Texas. Case No. 6:13cv226, Doc. No. 42 at 4. Therefore, in light of the Federal Circuit's ruling in *Toyota*, the claims against Honda should also be transferred to the Eastern District of Michigan.

## CONCLUSION

For the foregoing reasons stated herein and pursuant to the Federal Circuit's decision in *Toyota*, the 6:12cv774, 6:12cv775, 6:12cv776, 6:13cv147, 6:13cv148, 6:13cv150, 6:13cv226, 6:13cv2276:13cv228, and 6:13cv270 actions against Hyundai, Kia, and Honda are **TRANSFERRED** to the Eastern District of Michigan. Hyundai and Kia Defendants' Motion to

---

[10] In light of the Court's reconsidered finding that the 1404 factors favor transfer, the Court declines to reconsider Hyundai's argument that the forum selection clause in the parties' prior settlement dictates transfer.

5

Reconsider is **GRANTED** and the Motion to Stay is **DENIED AS MOOT.** Both Hyundai and Kia and Honda's motions to transfer venue are **GRANTED.** Otherwise all pending motions are deferred to the transferee court. The clerk of court shall effect the transfer in accordance with the usual procedure.

**So ORDERED and SIGNED this 29th day of July, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE